UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21954-CIV-MORENO

YOESMILLER MATOS and MARTHELYS MATOS,

    *Plaintiffs*,

vs.

THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-14 and UNKNOWN PARTIES CLAIMING INTEREST BY, THROUGH, UNDER, OR AGAINST A NAMED DEFENDANT TO THIS ACTION, OR HAVING OR CLAIMING TO HAVE ANY RIGHT, TITLE, OR INTEREST IN THE PROPERTY DESCRIBED HEREIN,

    *Defendants*.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL

THIS CAUSE came before the Court upon a review of Defendant's Motion to Dismiss **(D.E. 7)**, filed on **June 3, 2014**, in which Defendant seeks to dismiss all Counts of Plaintiffs Yoesmiller and Marthelys Matos' Complaint. THE COURT has considered the motion, response, and the pertinent portions of the record, and hereby GRANTS Defendant's Motion for Dismissal. Defendant is entitled to dismissal against Plaintiffs' claim for quiet title. The statute of limitations has not run on this foreclosure action due to the dismissal of the prior foreclosure action, which decelerated the notice of acceleration. The installment payments less than five years old are thereby due and owing. Moreover, even if the Plaintiffs could prevail on the statute of limitations argument, the lien on Plaintiffs' property still exists. Pursuant to Florida law, Defendant is entitled to judgment against the Plaintiffs because its lien exists until barred by the statute of repose.

**I.      Factual Background**

This is a quiet title action regarding the application of the statute of limitations to a mortgage lien that was involved in a previously dismissed foreclosure action. This case arises out of a Complaint filed originally in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendant Bank of New York as Trustee for the Certificate Holders CWAB, Inc, Asset-Backed Certificates, Series 2006-14 ("BONY"), in an action styled *Yoesmiller Matos and Marthelys Matos v. The Bank of New York as Trustee for the Certificate Holders CWAB, Inc, Asset-Backed Certificates, Series 2006-14 and All Unknown Parties Claiming Interests By, Through, Under, or Against a Named Defendant to This Action or Having or Claiming to Have Any Right, Title or Interest in the Property Described Herein,* Case No. 2014-2680-CA-01 ( "State Court Action").

Defendant BONY removed the State Court Action to this Court on May 27, 2014. Plaintiffs, Yoesmiller Matos and Marthelys Matos, ("Plaintiffs"), filed the current action to quiet title regarding a property located at 7681 NW 165th Terrace, Hialeah, Florida 33015 (the "Property"). On July 28, 2006, the Plaintiffs borrowed $420,000.00 from New Prime Home Loans, LLC, which is secured by a first mortgage on the Property ("First Mortgage"). The First Mortgage was recorded in the Official Records Book 35123, Page 2829 of the Public Records of Miami-Dade County, Florida.

The mortgage contains an optional acceleration clause that provides the right to accelerate the entire loan upon an unsatisfied timely demand for payment upon default.  On September 16, 2011, the First Mortgage was assigned to BONY by virtue of an Assignment of Mortgage recorded in Official Records Book 27832, Page 3861. Plaintiffs failed to timely make mortgage payments to Defendant. For the benefit of this motion, Defendant satisfied the conditions precedent to accelerating the loan as required by paragraph 22 of the mortgage. April 22, 2008, BONY filed a foreclosure action and accelerated the amounts due under the note. The complaint

specifically alleged that Defendant was not paid the amount due on the mortgage or interest since October 1, 2007 on the costs, advances and expenses as provided in the note and mortgage. On April 23, 2010, Defendant filed a voluntary dismissal of the case without prejudice. The voluntary dismissal was entered into the Court records on April 23, 2010. On January 30, 2014, Plaintiffs filed a quiet title action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendant. Defendant removed the State Court Action to this Court on May 27, 2014. Subsequently, Defendant timely filed a motion to dismiss the complaint with prejudice, which the Court presently addresses.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiffs have an obligation to provide the grounds of their entitlement to relief with more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a complaint falls short of this standard because it relies on formulaic recitations and unsupported conclusions, a Court shall dismiss the deficient claims for their failure to provide an adequate basis for the possibility of granting relief. *See* Fed. R. Civ. P. 12(b)(6).

III. Legal Analysis

A. The Statue of Limitations Does Not Bar Action

The applicable statute of limitations in this mortgage foreclosure action is five years, pursuant to Florida Statutes §§ 95.11(2)(c), 95.281 (l)(b). That statute of limitations does not begin to run until the last payment of the mortgage is due, unless the mortgage contains an acceleration clause. *Locke v. State Farm Fire & Casualty Co.*, 509 So. 2d 1375, 1377 (Fla. 1st DCA 1987); *Conner v. Coggins,* 349 So.2d 780 (Fla. 1st DCA 1977). Where the mortgage contract contains an acceleration clause, the statute of limitations may commence running earlier on payments not yet due if the holder exercises his or her right to accelerate the total debt because of a default. *Greene v. Bursey*, 733 So. 2d 1111, 1114-15 (Fla. 4th DCA 1999). Put another way, the entire debt does not become due on mere default of payment; rather, it become due when the creditor takes affirmative action and advises the debtor that acceleration option has been exercised. *Id; Reed v. Lincoln* , 731 So. 2d 104, 106 (Fla. 5th DCA 1999) (The payment obligation "may not be accelerated in the absence of an acceleration provision."). The acceleration is effective when the mortgagee takes some clear action indicating intent to accelerate, such as filing a suit declaring the entire amount due and owing. *Central Home Trust Co. of Elizabeth v. Lippincott,* 392 So. 2d 931, 933 (Fla. 5th DCA 1980).

A voluntary or even involuntary dismissal of a lender's earlier foreclosure action does not invalidate the note and mortgage and does not preclude a subsequent foreclosure action for subsequent defaults of payments. *See Romero v. Suntrust Mortgage, Inc.*, 2014 WL 1623703 (S.D. Fla. Aug. 22, 2014); *Evergren Partners, Inc. v. Citibank. N.A..* 2014 WL 2862392 (Fla. 4th DCA June 25, 2014); *U.S. Bank Nat'l. Assoc. v. Bartram.* 2014 WL 1632138 (Fla. 5th DCA 2014). The Florida Supreme Court has recognized the "unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship", advising, "adjudication denying acceleration and foreclosure action....does not bar a subsequent action a year later if the

mortgagor ignores her obligations on the mortgage and a valid default can be proven." *Singleton v. Greymar Associates*, 882 So. 2d 1004, 1008 (Fla. 2004). In reaching its decision in *Singleton*, the Court stated that to hold otherwise would in "many instances" result in "unjust enrichment or other inequitable results." *Id.*; *see also Kaan v. Wells Fargo Bank, N.A.*, 2013 WL 5944074 (S.D. Fla. Nov. 5, 2013) (under Florida law, voluntary dismissal of mortgage assignee's earlier foreclosure action did not invalidate the note and mortgage, as would bar subsequent foreclosure actions for defaults on subsequent payments; rather the note and mortgage remained a valid and enforceable lien against mortgagor's property).

In the instant case, a foreclosure action was dismissed and the parties were returned to their original positions, adopting the same continuing obligation and contractual relationship. Acceleration became decelerated when the court dismissed the prior foreclosure case. *Singleton*, 882 So. 2d at 1007-08 (prior dismissal of the first foreclosure action with prejudice did not bar a subsequent foreclosure action based on a separate and subsequent default). In *Olympia Mortgage*, in the context of *res judicata*, for example, the Florida Fourth District Court of Appeal stated that a prior voluntarily dismissal of a foreclosure action meant that the mortgagee had "in effect decided not to accelerate payment on the note and mortgage at that time." *Id.* Similarly, here, the prior acceleration of the mortgage was decelerated so the statute of limitations has not expired. It is undisputed that the borrower has failed to make any payments in the last five years. Therefore, BONY is entitled to sue for those defaults and accelerate the note and mortgage again.

### B.   The Instant Lien Exists Regardless of the Statute of Limitations

BONY is entitled to judgment against the Plaintiffs because its lien continues to exist until barred by the statute of repose contained in Florida Statutes § 95.281(1). The limitations period provided in Florida Statutes § 95.11(2)(c), the section relied on by Plaintiffs, does not affect the life of the instant lien or extinguish the debt. *Houck Corp. v. New River, Ltd.*, 900 So.

2d 601, 603 (Fla. 2d DCA 2005). A "statute of limitations" is a procedural statute that prevents the enforcement of a cause of action that has accrued. *Id.* Conversely, a "statute of repose" -- like that of § 95.281(1) -- establishes an ultimate date when the lien or mortgage terminates and is no longer enforceable whether a claim has accrued by that date or not.

Plaintiffs' attempt to allege that the subject First Mortgage is time barred. In doing so, they confuse a "statute of limitations" with a "statute of repose" under § 95.281(1). To clarify, the limitations period provided in § 95.11(2)(c) does not affect the life of a lien; rather, it precludes an action to collect the debt after five years. Section 95.281(1)(b), conversely, establishes an ultimate date when the lien of the mortgage terminates and is no longer enforceable. Section 95.051 sets forth the times when the limitations period under § 95.11 is tolled, and expressly excludes § 95.281. Thus, § 95.11(2)(c) operates as a statute of limitation while section 95.281(1)(b) operates as a statute of repose. *Id.*

This is key: a "statute of limitations" is a shield that may be used as an affirmative defense; a "statute of repose" is a sword that may terminate a lien. The statute of repose in a mortgage foreclosure action is twenty years, if no term is decipherable from the face of the note, or five years from the date of maturity of the obligation. *See Houck,* 900 So. 2d 601, 603. In *Houck*, the Second District Court of Appeal concluded that "[a]t the time Houck filed suit, the five year statute of limitations under section 95.11(2)(C) had expired, but the twenty year statute of repose under section 95.281(1)(b) had not." *Id.* at 605. The court stated that the holder of the note had "recourse" "to enforce the lien in the event" the borrower attempted to sell the property." *Id.* The Court found in *Houck* that, "[p]ursuant to section 95.11(2)(c), the statute of limitations to file the foreclosure action expired on October 30, 1996; however, under section 95.281(1)(b), the mortgage lien was enforceable until November 1, 2004." Here, just as in *Houck*, the applicable date for the expiration of the First Mortgage lien is governed by the statute of repose under § 95.281. The statute of repose for the First Mortgage expires on September 1,

2041 --five years after the maturity date contained in the recorded mortgage. *Conner v. Coggins*, 349 So. 2d 780, 781 (Fla. 1st DCA 1977). So regardless of the statute of limitations, BONY is entitled to judgment against the Plaintiffs because its lien continues to exist until barred by the statute of repose contained in Florida Statutes § 95.281(1).

## IV.   Conclusion

For the foregoing reasons, it is hereby ADJUDGED that all Counts of Plaintiffs' Complaint are DISMISSED with prejudice. The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of July, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided:

Counsel of Record